UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS FISHER,<br><br>Petitioner,<br><br>v.<br><br>KERN COUNTY SUPERIOR COURT,<br><br>Respondent. | Case No. 1:18-cv-01472-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS UNAUTHORIZED SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Gary Francis Fisher, state prisoner without counsel, filed more than twenty petitions for habeas relief after his conviction of assault with a deadly weapon.[1] At least seven of those petitions challenged the state-court judgment entered in 2012. *See Fisher v. Rackley*, No. 2:14-cv-2135, 2014 WL 7335677, at *2 (E.D. Cal. Dec. 19, 2014); *People v. Barger*, No. BF134705A (Kern Cty. Sup. Ct. Jan. 6, 2012). In this case, petitioner has filed another petition challenging the same state-court judgment. ECF No. 1 at 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a

---

[1] Petitioner has used different names, including Gary Dale Barger, Sonny Barger, and Sonny Barger II. *See Barger v. California Health Care Facility*, No. 1:18-cv-1462, 2018 WL 5603612, at *1 (E.D. Cal. Oct. 29, 2018); *Barger v. CDCR*, No. 1:18-cv-1657, 2018 WL 6830201, at *1 (E.D. Cal. Dec. 28, 2018).

1

response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

**I.      Second or Successive Petition**

A federal court will not consider a second or successive habeas corpus petition unless the petitioner shows that (1) his claim relies on a new rule of constitutional law, made retroactive by the Supreme Court, that was previously unavailable or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2). A district court may not decide whether a second or successive petition meets these requirements; the petitioner must obtain the authorization from the appropriate court of appeals before filing the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). The authorization from the appropriate court of appeals is a jurisdictional requirement. *See Burton*, 549 U.S. at 157.

Here, petitioner contends that his custody violates the Constitution. He argues:

> Kern County on Case #BF134705A used 9 Judges denying me of a presiding Judge, and utilized 8 District Attorneys and 5 Public Defenders, violating my 14th Amendment of the U.S. Constitution . . . Due process in a mere 14th month long trial, That is 22 Court Officers, Due Process and Equal Protection of the Law.

ECF No. 1 at 1. However, before pursuing a successive habeas corpus petition, he must first obtain authorization to do so from the Ninth Circuit. Because the Ninth Circuit has not authorized petitioner to pursue a second or successive petition, this court lacks jurisdiction over this case. *See Burton*, 549 U.S. at 157. The court must dismiss the case for lack of jurisdiction.

**II.     Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds

without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**III.   Order**

The clerk of court is directed to assign this case to a district judge who will review the following findings and recommendations.

**IV.   Findings and recommendations**

We recommend that the court dismiss the petition, ECF No. 1, for lack of jurisdiction and decline to issue a certificate of appealability.

Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, I submit these findings and recommendations to the U.S. District Court Judge who will be assigned to the case. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 25, 2019

_____
UNITED STATES MAGISTRATE JUDGE

3