| | |
|---|---|
| GARY FRANCIS FISHER,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KERN COUNTY SUPERIOR COURT,<br><br>　　　　　Respondent. | Case No.　1:18-cv-01472-LJO-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS UNAUTHORIZED SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ECF No. 7 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　　Petitioner Gary Francis Fisher, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1.  The court has referred this matter to a magistrate judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On September 26, 2019, the assigned magistrate judge issued findings and recommendations that the court dismiss the petition as successive and decline to issue a certificate of appealability.  ECF No. 7.  These findings and recommendations were mailed to petitioner at his last known address, the Atascadero State Hospital.  On October 4, 2019, the service of the findings and recommendations to petitioner was returned undeliverable with an indication that the petitioner was no longer at that facility. Petitioner was given until December 12, 2019 to update his address.  Petitioner has not updated his address with this court.  Petitioner did not file any objections to the findings and recommendations and the time for doing so has passed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In addition, a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Rule 11 Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find the court's decision debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on September 26, 2019, ECF No. 10, are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **January 21, 2020**  /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE